Citation Nr: 1542450 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 08-29 546 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for a chronic thyroid disability.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

P. M. Johnson, Associate Counsel


INTRODUCTION

The Veteran had active military service from May 1968 to May 1972.

This matter originally came to the Board of Veterans' Appeals (Board) on appeal from a May 2005 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. Jurisdiction of the claims file is currently with the RO in Waco, Texas. 

In August 2011, the Veteran testified at a Travel Board hearing. A transcript of that hearing is of record. 

In May 2012, the Board remanded the issue of entitlement to service connection for a chronic thyroid disability for additional development. After the directed development had been completed, the Board denied the claim in a March 2013 decision. The Veteran appealed the March 2013 decision to the United States Court of Appeals for Veterans Claims (Court), and in a memorandum decision dated in May 2014, the Court vacated the Board's March 2013 decision and remanded the claim to the Board. 

In March 2015, the Board remanded the issue of entitlement to service connection for a chronic thyroid disability for additional development. The Board notes that the requested development was not substantially complied with prior to the return of the claims file to the Board. As a consequence, a remand is required to ensure compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (holding that compliance by the Board or the RO with remand directives is neither optional nor discretionary, and where the remand orders of the Board or the Courts are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A preliminary review of the record reflects that further development is necessary. The Veteran is entitled to substantial compliance with the Board's March 2015 remand directives. See Stegall, at 271; Dyment v. West, 13 Vet. App. 141, 146-47 (1999). Unfortunately, the May 2015 VA examiner did not substantially comply with the Board's remand instructions, and as a result, this case must again be remanded.

In the March 2015 remand, it was noted that the examiner's prior opinion was determined by the Court to be inadequate because he did not discuss medical evidence in this case that has a direct bearing on his ultimate conclusion. It was specifically noted that the examiner did not discuss symptoms that the appellant experienced during her service that may be signs of hyperthyroidism. 

The March 2015 remand instructions stated that the examiner "should also discuss any other symptoms that the claims file indicates she may have experienced from March 1969 through her separation from service, and until her diagnosis of a thyroid condition in the 1990's. Particularly, the examiner should discuss her symptoms at discharge from active service that included eye trouble, leg cramps, back pain, foot trouble, depression or excessive worry, nonspecific nervous trouble, and a heart murmur." The Board notes that these symptoms were not addressed by the May 2015 VA examiner. Accordingly, the Board finds that a new VA examination should be conducted to explain the findings addressed by the Court. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain a medical opinion from an endocrinologist, other than the examiner who performed the May 2015 examination; regarding the etiology of the Veteran's current hypothyroidism (a physical examination is not required unless deemed necessary by the examiner). The Veteran's claims file, including the Veteran's electronic records in VBMS and Virtual VA, and a copy of this remand must be made available to and reviewed by the examiner prior to completion of the medical opinion. Review of both of these should be noted in the examiner's report. 

The examiner is then asked to address whether it is at least as likely as not (50 percent or greater probability) that the Veteran's current hypothyroidism was incurred in or is otherwise related to her service.

If the examiner determines that it is not at least as likely as not that the Veteran's current hypothyroidism was incurred in or is otherwise related to service the examiner is asked to specifically discuss the following:

(1) describe the symptoms and usual manifestations of hyperthyroidism; 

(2) describe the usual etiology of hyperthyroidism; 

(3) opine about what caused the appellant's hyperthyroidism to develop; 

(4) the appellant's in-service weight loss, including the Veteran's weight changes between March 1969 and April 1970, the Veteran's continued weight loss through the end of her service that is documented in her service medical records, and her statements that her weight loss persisted after her service ended.

(5) the appellant's other in-service symptomatology and any other symptoms that the claims file indicates she may have experienced from March 1969 through her separation from service, and until her diagnosis of a thyroid condition in the 1990's. The examiner should specifically note the Veteran's symptoms at discharge from active service, including: eye trouble, leg cramps, back pain, foot trouble, depression or excessive worry, nonspecific nervous trouble, and a heart murmur. 

Note: The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it. 

A complete rationale should be provided for any opinions rendered. If an opinion cannot be provided without resort to pure speculation, the VA examiner should explain why speculation would be required in this case (e.g., if the requested determination is beyond the scope of current medical knowledge, actual causation cannot be selected from multiple potential causes, etc.). 

2. After completion of the foregoing and all other necessary development, the AOJ should readjudicate the remanded claim for service connection for a thyroid disability. If the benefit sought remains denied, the Veteran and her representative should be furnished a Supplemental Statement of the Case, and should be given an opportunity to submit written or other argument in response before the record is returned to the Board for further appellate consideration. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).



_________________________________________________
T. D. JONES
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).